IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA
FARGO DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 25-30429 |
| MonDak Portables, LLC, | ) |
| | ) |
| Debtor. | ) Chapter 11 |
| | ) |
| | ) |
| | ) |

**MOTION REQUESTING ENTRY OF AN ORDER TO EXTEND THE
EXCLUSIVE PERIODS TO FILE DISCLOSURE STATEMENT AND
PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES OF A
PLAN OF REORGANIZATION**

MonDak Portables, LLC ("Debtor"), by and through its undersigned counsel, moves the Court for entry of an order briefly extending by thirty (30) days the Debtor's Exclusive Periods (defined herein) to file its Disclosure Statement and Plan of Reorganization and to solicit acceptance of the same.

**RELIEF REQUESTED**

1.  By this motion, pursuant to pursuant to 11 U.S.C. § 1121(d), Debtor seeks entry of an order extending by a period of thirty (30) days the Exclusive Periods (defined herein) within which the Debtor has to file its disclosure statement and plan of reorganization, and to solicit acceptances of the same.

2.  Debtor believes that the requested extensions are in the best interests of the Debtor and its estate.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Fed. R. Bankr. P. 5005.

4. This matter is a core proceeding as defined by 28 U.S.C. § 157.

5. The statutory predicate for the relief requested herein is 11 U.S.C. § 1121.

6. This motion is filed under Fed. R. Bankr. P. 9013 and 9014.

## INTRODUCTION

7. On September 29, 2025, (the "Petition Date'), Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. Debtor is operating its business and managing its affairs as Debtor-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

## RELIEF REQUESTED

9. Section 1121 of the Bankruptcy Code provides in relevant part as follows:

(a) The debtor may file a plan with a petition commencing a voluntary case, or at any time in a voluntary case or an involuntary case.

(b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

(c) Any party in interest, including the debtor, the trustee, a creditors' committee, equity security holders committee, a creditor, an equity security holder, or any indenture trustee, may file a plan, if and only if --

(1) a trustee has been appointed under this chapter;

(2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

(3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

(d) (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

(2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter;

(B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121.

10. To that end, pursuant to 11 U.S.C. § 1121(b), Debtor is afforded an initial one hundred and twenty (120) day period of exclusivity in which to file a Chapter 11 Plan (the "120-Day Exclusive Period") and an additional sixty (60) day period to solicit acceptances of the plan (the "180-Day Exclusive Period") collectively, the "Exclusive Periods." In this Chapter 11 case, Debtor's 120-Day Exclusive Period is set to expire on January 27, 2026, and its 180-day Exclusive Period is set to expire on March 28, 2026. No previous extensions of the Exclusive Periods have been sought.

11. By this Motion, Debtor respectfully requests a thirty (30) day extension of the 120-Day Exclusive period through and including February 26, 2026 and a thirty (30) day extension of the 180-Day Exclusive Period through and including April 27, 2026 without prejudice to its right to seek further extensions of the Exclusive Periods as may be necessary and appropriate.

12. Pursuant to section 1121(d)(1) of the Bankruptcy Code, where the initial 120-Day Exclusive Filing Period or the 180-day Exclusive Filing Period provided for in the Bankruptcy Code prove to be insufficient, the Court may extend these Exclusive Periods "for cause." 11 U.S.C. § 1121(d)(1).

13. Although § 1121 does not define "cause," the following factors, among others, have been identified by courts as being relevant in determining whether "cause" exists to extend

3

the Exclusive Periods:

   a) the size and complexity of the case;
   b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
   c) the existence of good faith progress toward reorganization;
   d) the fact that the debtor is paying its bills as they become due;
   e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   f) whether the debtor has made progress in negotiations with its creditors;
   g) the amount of time which has elapsed in the case;
   h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
   i) whether an unresolved contingency exists.

Each of these factors would cut in favor of granting Debtor more time to exclusively propose a plan.

14. The Petition Date was September 29, 2025. Consequently, this case has been pending for just four (4) months. Debtor is paying its bills as they come due and has made substantial progress in what it anticipates to be a consensual plan of reorganization. Debtor is working in good faith toward its reorganization and rather than file a "placeholder" plan, Debtor seeks a brief extension to finalize the terms of its plan and move this Chapter 11 case toward confirmation. Debtor respectfully submits that it is close in finalizing the terms of such plan of reorganization with multiple involved parties and does not anticipate seeking a further extension of such deadlines.

## **CONCLUSION**

WHEREFORE, Debtor respectfully requests that this Court enter an order substantially in the form of the Proposed Order attached hereto, approving a brief thirty-day extension of the initial 120-Day Exclusive Filing Period and the 180-day Exclusive Filing Period, and grant any other relief that is just and proper.

January 27, 2026

                                      Respectfully submitted,

                                      CAROTHERS & HAUSWIRTH LLP

*/s/ Gregory W. Hauswirth*
Patrick W. Carothers (PA ID No. 85721)
Gregory W. Hauswirth (PA ID No. 307482)
Foster Plaza 10
680 Andersen Drive, Suite 230
Pittsburgh, PA  15220
Telephone:  412-414-6996
Facsimile:   412-910-7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

and

Maurice B. VerStandig, Esq.
Christianna A. Cathcart
The Dakota Bankruptcy Firm
1630 1st Avenue N Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
christianna@dakotabankruptcy.com

*Attorneys for Debtor,*
*MonDak Portables, LLC*

5