**EXHIBIT 1**

Case 25-30429    Doc 68-1    Filed 02/26/26    Entered 02/26/26 21:37:47    Desc  Exhibit 1    Page 1 of 4

**PROMISSORY NOTE**

_____, 2026

FOR VALUE RECEIVED, Barbara Rogers, Katherine Zent, and Lindy Byerly (jointly and severally, and collectively "Maker"), promise to pay to the order of MonDak Portables, LLC, a North Dakota limited liability company ("Payee"), the principal sum of FIFTY-THOUSAND AND 00/100 Dollars ($50,000.00), together with interest as set forth in this Promissory Note (this "Note").

1. Term, Rate and Payment of Interest. This Note shall bear interest at the rate of seven and a half percent (7.5%) per annum (the "Interest Rate") and a default interest rate of ten percent (10.0%) per annum (the "Default Interest Rate"). Maker shall make payments of principal and interest to Payee in accordance with the following terms: Commencing on [\_\_\_\_\_] 1, 2026, and continuing on the first (1st) day of each calendar month thereafter, through and including [\_\_\_\_\_] 1, 2031, Maker shall pay to Payee monthly payments of principal and interest in the amount of $1,001.90.

2. Place for Payment. Payment shall be made by Maker to Payee electronically to a bank account designated by Payee to Maker in writing.

3. Late Fee. Whenever any uncured Event of Default (as hereinafter defined) relating to a late payment exists, as specifically set forth in Section 5(a) hereof, there shall be due to a late fee of five percent (5%) of such late payment.

4. Prepayment. This Note may be prepaid in whole or in part at any time without penalty. Such prepayments shall be applied first to any and all unpaid interest and then to the outstanding principal balance hereof.

5. Event of Default. For the purposes of this Note, an event of default ("Event of Default") is: (a) the failure of Maker to pay any installment when due after a grace period of fifteen (15) calendar days; (b) the failure of Maker to pay the remaining principal and accrued interest when due hereunder after a grace period of fifteen (15) calendar days; (c) any material default in the observance or performance of any other covenant, condition or provision under this Note or any other written agreement between Maker and Payee, and such default is not cured within fifteen (15) calendar days after receipt of written notice from Payee of such default or such longer period as necessary if default cannot be cured within that time; or (d) the commencement of any proceeding for voluntary or involuntary petition in bankruptcy by or against Maker or the commencement of any proceeding under any other present or future federal or state insolvency or other law for the relief from, or adjustment of, any indebtedness, to the extent any of the foregoing are not dismissed within ninety (90) calendar days after the filing thereof. Following an Event of Default, interest shall accrue at the Default Interest Rate set forth in Section 2 hereof.

6. Acceleration of Payment. Upon the occurrence of an Event of Default as set forth in this Note, the entire principal balance of this Note, together with accrued interest, shall at once become

due and payable at Payee's option upon Maker receiving written notice from Payee of Payee's intent to exercise the rights described herein.

7. <u>Successorship to Rights.</u>  All rights, powers and privileges granted to Payee and Maker under this Note are available to the heirs and/or assigns of each, respectively, as fully and with the same effect as though Payee and Maker were exercising said rights, powers or privileges.

8. <u>Amendment.</u>  This Note may not be amended or terminated orally, nor may any of its provisions be waived, except by an agreement in writing signed by the party against whom enforcement of such change or termination is sought.

9. <u>Notices.</u>  Notices required hereunder, or any correspondence concerning this Note shall be directed to an address to be designated by Maker and Payee and shall be deemed properly given (a) if delivered by hand; (b) if sent by certified mail, return receipt requested, postage prepaid, or by recognized overnight courier service (including, without limitation, Federal Express or United Parcel Service overnight service), charges prepaid; or (c) if sent by facsimile, with a copy sent by first class U.S. Mail, postage prepaid.

Notices and communications hereunder shall be deemed sufficiently given when dispatched pursuant to the foregoing provisions. Notices and communications delivered by hand shall be effective upon receipt; notices and communications sent by fax, with a copy by first class U.S. Mail, shall be effective upon dispatch; notices and communications sent by recognized overnight courier service shall be effective on the business day following dispatch; and notices sent by certified mail shall be effective on the date of postmark. The parties hereto may, by notice given hereunder, designate any further or different addresses to which any subsequent notice or communication hereunder shall be sent.

10. <u>Governing Law.</u>  This Note shall be governed by, construed with and enforced in accordance with the laws of the State of North Dakota, exclusive of its choice or conflict of laws provisions.

11. <u>Assignment.</u> This Note shall be binding upon and inure to the benefit of the parties and their respective heirs, successors and assigns.  This Note shall be freely assignable by Payee with written notice to Maker.  This Note shall not be assignable by Maker without prior written authorization from Payee.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Maker has caused this Note to be duly executed the day and year first above written.

_____
BARBARA ROGERS

_____
KATHERINE ZENT

_____
LINDA BYERLY

[THIS SPACE INTENTIONALLY LEFT BLANK]