**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

In Re:                                                          Bankruptcy No. 25-30429
                                                                Chapter 11
MonDak Portables, LLC,

                                    Debtor.

_____/

**ORDER CONFIRMING DEBTOR'S**
**CHAPTER 11 PLAN OF REORGANIZATION**
**DATED APRIL 6, 2026**

Debtor filed its Chapter 11 Plan of Reorganization dated April 6, 2026.  Doc. 91.

Debtor also filed its Disclosure Statement for the Chapter 11 Plan of Reorganization

dated April 6, 2026, on the same day.  Doc. 90. The Court approved the Disclosure

Statement, set deadlines and scheduled a confirmation hearing.  Doc. 93.  The Order

advised the parties of the time and place of the confirmation hearing and the procedures

for objecting to and voting for or against the plan of reorganization.  Doc. 93.  Pursuant

to this Order, Debtor properly served its Disclosure Statement, Plan, the Order and a

ballot for accepting or rejecting the plan on April 20, 2026. Doc. 97. The Court received

no objections to the Plan.

On May 12, 2026, Debtor filed a Tabulation of Ballots in Connection with

Confirmation of MonDak Portables, LLC's Chapter 11 Plan of Reorganization. See

Doc.101.  Three impaired classes voted to accept the First Amended Plan and two

impaired classes voted to reject the plan.  See id.

Based on the Plan, Disclosure Statement, ballots and other pleadings filed in this

case, the Court finds:

a.        11 U.S.C. § 1129(a)(1).  The Plan complies with applicable provisions of the Bankruptcy Code, including 11 U.S.C. §§ 1122, 1123 and 1126.  The requirements of 11 U.S.C. § 1129(a)(1) are satisfied.

b.        11 U.S.C. § 1129(a)(2).  Debtor, as proponent of the Plan, complied with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, including the solicitation of acceptances and rejections of the plan.  The requirements of 11 U.S.C. § 1129(a)(2) are satisfied.

c.        11 U.S.C. § 1129(a)(3).  Debtor proposed the Plan in good faith and not by any means forbidden by law.  The requirements of 11 U.S.C. § 1129(a)(3) are satisfied.

d.        11 U.S.C. § 1129(a)(4).  The Plan provides that professional fees and expenses, as well as other allowed administrative expense claims, are subject to Court approval and will be paid consistent with the requirements of the Bankruptcy Code.  See Doc. 91 at 13.  The requirements of 11 U.S.C. § 1129(a)(4) are satisfied.

e.        11 U.S.C. § 1129(a)(5).  Debtor disclosed the identity of Key Employees/equity holders who will remain employees of the Reorganized Debtor and clarified that they will receive the same compensation as they received prepetition.  The requirements of 11 U.S.C. § 1129(a)(5) are satisfied.

f.        11 U.S.C. § 1129(a)(6).  This section appears to be inapplicable in this case.

g.        11 U.S.C. § 1129(a)(7). The liquidation analysis attached to the Disclosure Statement [Doc. 90-4] suggests that, if Debtor were liquidated, general unsecured creditors would receive 0% of their claims.  The Plan proposes to pay

general unsecured creditors 1-2% of their allowed claims.  Secured creditors also receive more favorable treatment through the Plan than they would be entitled to receive in a liquidation.  In other words, each holder of an allowed claim or interest will receive under the Plan on account of such claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtor was liquidated under Chapter 7 of the Bankruptcy Code.  The requirements of 11 U.S.C. § 1129(a)(7) are satisfied.

h.       11 U.S.C. § 1129(a)(8).  Of the nine classes entitled to vote, only three classes accepted the Plan:  Class 2 North Avenue Capital, LLC, Class 8 HYG Financial Services, Inc. and Class 10 General Unsecured Claims.  All other classes either voted to reject the plan or failed to vote.  Like the majority of courts that considered whether an impaired class that fails to vote should be deemed to accept the plan, this Court interprets section 1126 to require affirmative acceptance.  See In re Thomas Orthodonitics, 2024 WL 4297032, at *7 (Bankr. E.D. Wis. Sept. 25, 2024) (noting that "a clear majority of courts have held that an impaired class cannot accept a chapter 11 plan by silence" and citing cases).  Consequently, those impaired classes that did not vote will not be deemed to accept the plan.  The requirements of 11 U.S.C. § 1129(a)(8) are not satisfied.

Although the Court finds that several classes did not accept the plan, this finding does not preclude confirmation because the Court also finds that the Plan satisfies 11 U.S.C. § 1129(b)(1).

i.       11 U.S.C. § 1129(a)(9).  The Plan provides that priority unsecured claims shall be paid in full and that these claims will be paid on a schedule consistent with the Bankruptcy Code.  The requirements of 11 U.S.C. § 1129(a)(9) are satisfied.

j.       11 U.S.C. § 1129(a)(10).  Classes 2, 8 and 10 are impaired classes that voted to accept the Plan.  Because at least one impaired class voted to accept the Plan, the requirements of 11 U.S.C. § 1129(a)(10) are satisfied.

k.       11 U.S.C. § 1129(a)(11).  Upon review of the historical prepetition performance (Doc. 90-2), the cash flow projections, the operating reports and other documents filed in the case, the Court finds that confirmation of the Plan is not likely to be followed by liquidation.  The plan is feasible.  The requirements of 11 U.S.C. § 1129(a)(11) are satisfied.

l.       11 U.S.C. § 1129(a)(12).  Section 2 of the Plan provides that Administrative Expense Claims of the United States Trustee for fees pursuant to Section 1930(a)(6), Title 28, shall be paid by Reorganized Debtor in accordance with the applicable schedule for payment of such fees until a final decree is entered and the case is closed.  The requirements of 11 U.S.C. § 1129(a)(12) are satisfied.

m.       11 U.S.C. § 1129(a)(13).  Section 1129(a)(13) appears inapplicable in this case.

n.       11 U.S.C. § 1129(a)(14).  Section 1129(a)(14) appears inapplicable in this case.

o.       11 U.S.C. § 1129(a)(15).  Debtor is not an individual.  Consequently, 11 U.S.C. § 1129(a)(15) is inapplicable in this case.

p.　　11 U.S.C. § 1129(a)(16).　This section is inapplicable to Debtor, which is a for-profit business.

q.　　11 U.S.C. § 1129(b).　Although several classes did not accept the plan, the Court finds that the Plan satisfies 11 U.S.C. § 1129(b)(1) because it does not discriminate unfairly and is fair and equitable to the classes that failed to vote and the classes that rejected the plan.

r.　　11 U.S.C. § 1129(c).　The Plan is the only plan before the Court.

s.　　11 U.S.C. § 1129(d).　No party in interest, including, but not limited to, any governmental unity, has requested that this Court deny confirmation of the Plan on grounds that the principal purpose of the Plan is "the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933," and the principal purpose of the Plan is not tax avoidance.　Accordingly, the Plan satisfies the requirements of 11 U.S.C. § 1129(d).

t.　　11 U.S.C. 1129(e).　This case is not a small business case.　Therefore, 11 U.S.C. § 1129(e) is inapplicable.

**Accordingly, IT IS ORDERED:**

Debtor's Chapter 11 Plan of Reorganization dated April 6, 2021 [Doc. 91], is CONFIRMED.

The hearing scheduled for Tuesday, May 19, 2026, is cancelled.

Dated: May 15, 2026.

Shon Hastings, Judge
United States Bankruptcy Court