IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30429 |
| | ) | |
| MONDAK PORTABLES, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF ASCEND BUSINESS
SERVICES, LLC, FINANCIAL ADVISOR FOR DEBTOR, FOR THE
ALLOWANCE OF COMPENSATION FOR ASCEND BUSINESS SERVICES, LLC**

Ascend Business Services, LLC ("ABS"), financial advisor during the Application Period (as defined below) for MonDak Portables, LLC, as the above-captioned debtor and debtor-in-possession ("Debtor"), files this First and Final Fee Application of Ascend Business Services, LLC, Financial Advisor for Debtor, for the Allowance of Professional Fees and Reimbursement of Expenses (the "Application"). In support of this Application, ABS represents as follows:

**RELIEF REQUESTED**

1.      By this Application, ABS requests, on a final basis, 100% of the professional fees earned by ABS for the period from September 30, 2025, through May 15, 2026 (the "Application Period"), in the total amount of $5,525.00; (ii) allowing and authorizing, on a final basis, 100% of the expenses incurred by ABS on behalf of Debtor during the Application Period in the total amount of $0.00; and (iii) granting related relief.

**BASIS FOR RELIEF**

2.      The bases for the relief requested herein are sections 330, 331, and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"); and Rule 2016 of the Federal Rules of Bankruptcy Procedure; Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for North Dakota (the "Local Rules"); the United States Trustee's Guidelines

(the "UST Guidelines") for the Office of the United States Trustee (the "US Trustee"); and the Order Approving Application to Employ Roger Ferrante and Ascend Business Services, LLC as financial advisors for Debtor dated October 29, 2025 [Docket No. 57] (the "Retention Order").

## JURISDICTION AND VENUE

3.      This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On September 29, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code thereby initiating the above-captioned case (the "Bankruptcy Case").

5.      During the Bankruptcy Case, Debtor managed its property as a debtor-in possession pursuant to Chapter 11 of the Bankruptcy Code. Sarah J. Wencil served as the U.S. Trustee during the Bankruptcy Case. Debtor's professionals are the Dakota Bankruptcy Firm, as Debtor's local counsel, Carothers & Hauswirth LLP, as Debtor's general counsel, and ABS, as Debtor's financial advisor.

6.      On April 6, 2026, Debtor filed its MonDak Portables, LLC's Chapter 11 Plan of Reorganization Dated April 6, 2026 [Docket No. 91] (the "Plan"). On May 15, 2026, the Bankruptcy Court entered its Order Confirming Debtor's Chapter 11 Plan of Reorganization Dated April 6, 2026 [Docket No. 108] (the "Confirmation Order").

7.      The Plan's effective date was June 5, 2026 (the "Effective Date").

## RETENTION AND PRIOR COMPENSATION

8.      On September 30, 2025, Debtor filed its Application to Employ Ascend Business Services, LLC as Financial Advisor [Docket No. 23] (the "Retention Application"). The Bankruptcy Court granted the Retention Application with the Retention Order.

9.      As reflected in the Retention Application, ABS was retained by Debtor to provide certain services to Debtor throughout the course of this Bankruptcy Case, including the following:

(a) Analyze Debtor's current, historical, and projected financial condition, results of  operations, and cash flows to assess Debtor's current operations and advise and assist Debtor in developing a plan of reorganization and a long term business plan;

(b) Assist Debtor with drafting Monthly Operating Statements, reports, the Plan, and any other necessary filings which may be necessary to the Bankruptcy Case;

(c) Prepare variance reports as needed, which will compare actual cash activity to budgeted cash activity for Debtor;

(d) Participate in hearings before the Bankruptcy Court related to financial matters as  needed; and

(e) Other necessary matters for Debtor as debtor-in-possession, which may be necessary to the Bankruptcy Case.

10.     Other than as described above, ABS has not applied for or received any prior compensation for services rendered during the Bankruptcy Case. This Application is ABS's first and final application for compensation of fees and expenses to be awarded to ABS for services

3

rendered to and expenses incurred on behalf of Debtor. Copies of ABS's invoices detailing the services rendered and expenses incurred during the Application Period are attached hereto as Exhibit A.

11.     By this Application, ABS requests to be granted the final allowance of all fees and expenses incurred by ABS on behalf of Debtor during the Application Period.

**SERVICES RENDERED DURING APPLICATION PERIOD**

12.     ABS has performed professional financial services as needed on behalf of Debtor since the date of its retention. During the Application Period, ABS expended 17 hours of professional time that resulted in charges for professional fees of $5,525.00 and incurred expenses on behalf of Debtor in the amount of $0.00. Based on the professional services rendered by ABS during the Application Period, the total requested amount of $5,525.00 for fees and expenses represents a reasonable amount for such fees and expenses.

13.     In support of this Application, Exhibit A is attached hereto and incorporated herein.

14.     As reflected in the invoices of fees and expenses attached as Exhibit A, all services performed by ABS's professionals were recorded in time increments of one tenth (0.10) of an hour. ABS utilized project billing categories consistent with the UST Guidelines for the classification of ABS's time entries for professional services.

15.     The professional services rendered by ABS during the Application Period are more particularly described in the attached Exhibit A, which states the dates on which the services were rendered, the persons rendering such services, a description of the services rendered, the time expended with respect thereto, and the hourly rate charged for such services.

4

These services were reasonable and necessary on behalf of Debtor and in the best interest of Debtor's estate.

16.     Pursuant to the Retention Order, ABS is entitled to compensation for its professional efforts on an hourly basis based on customary hourly rates. All the services performed by ABS's professionals, as specified in the attached exhibits, were necessary for Debtor to comply with its statutory duties and to fulfill its fiduciary obligations under the Bankruptcy Code.

17.     ABS's professionals are well qualified for the work performed on behalf of Debtor. ABS's professionals have extensive experience working with financially troubled companies in Chapter 11 cases. Its professionals have advised debtors, creditors, and purchasers in many bankruptcies. Under Mr. Ferrante's guidance, ABS engaged in a global review of the business operations of Debtor, assisted in stabilizing Debtor's business both operationally and financially, and developed a thorough understanding of Debtor's financial circumstances.

**<u>EVALUATION STANDARDS</u>**

18.     Pursuant to section 330(a) of the Bankruptcy Code, the Bankruptcy Court may award a retained professional "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." In determining the reasonableness of the proposed fee award, the Bankruptcy Court is directed by section 330(a)(3) of the Bankruptcy Code to consider:

(a) the time spent,

(b) the rates charged,

(c) whether the services were necessary to the administration of or beneficial to the bankruptcy case;

(d) whether the services were performed within a reasonable time, given the complexity, importance, and nature of the task;

(e) whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners.

19. In the Eighth Circuit, to determine whether a bankruptcy fee is found as reasonable, the factors related to a "lodestar" analysis are considered in *McKeeman v. Laughlin*, 236 B.R. 667, at 670-71 (B.A.P. 8th Cir. 1999). To find the reasonable amount from the lodestar method, the total amount is calculated by multiplying the reasonable hourly rate by the reasonable number of hours worked. *Id.* at 670-71. Related factors for "reasonable compensation" incorporate the time spent providing services, the prices charged for those services, if the services were necessary, if the services provided a benefit, if the services were performed in a reasonable amount of time in relation to the current task, and if the compensation is reasonable based on what other similar professionals in a similar area are charging for the price of their services. *In re Neill*, 242 B.R. 685, at 689-90 (Bankr. D.N.D. 1999).

20. The sum of $5,525.00 for fees incurred during the Application Period is reasonable compensation for the professional services rendered by ABS based on a lodestar analysis and the standards set forth under Section 330. *In re Neill*, 242 B.R. 685, at 689-90 (Bankr. D.N.D. 1999). Pursuant to Local Bankruptcy Rule 2016-1 for the Bankruptcy Court of North Dakota, ABS requests that the Bankruptcy Court consider the following factors in determining the reasonableness of the amount of professional compensation requested by this Application:

(a) <u>Time and Labor Required</u>. ABS expended 17 hours of professional services on behalf of Debtor during the Application Period at a rate of $5,525.00 per hour during the Application Period. <u>Exhibit A</u> attached hereto comprehensively outlines the names of all professionals that have provided services on behalf of Debtor, their respective hourly billing rates, a description of the services rendered and the number of hours spent and fees billed during the Application Period. The time and labor spent by ABS were reasonable and necessary to provide Debtor with the advice needed to properly carry out its functions and duties under the Bankruptcy Code and its fiduciary duties to the estate.

(b) <u>The novelty and difficulty of the questions involved</u>. The issues addressed by ABS for Debtor were not overly novel or complex, but such issues did require a financial advisor to provide guidance in developing its financial modeling in its plan of reorganization.

(c) <u>The requisite skill to perform the services properly</u>. The services performed by ABS's professionals on behalf of Debtor required skilled professionals with an appreciation and understanding of advanced Chapter 11 concepts. In this regard, ABS believes it has effectively and efficiently represented the interests of Debtor in this matter.

(d) <u>Preclusion of other employment</u>. Although ABS's services for Debtor were often time-sensitive, the engagement did not materially preclude ABS from accepting other engagements.

(e) <u>The fee customarily charged</u>. ABS seeks allowance of professional fees based on hourly rates that are consistent with or below rates charged by ABS to its

other clients. The hourly rates charged by ABS are within the range of those customarily charged by other professionals having comparable skills and expertise in similar matters.

(f) Whether the fee is fixed or contingent. ABS's fees in this Application are fixed according to the time spent on behalf of Debtor and ABS's prevailing hourly rate. ABS's compensation is contingent on the availability of sufficient assets and funds in the estate to pay such fees, and on the Bankruptcy Court's allowance of such fees.

(g) Time limitations imposed by client or circumstances. Many of the matters that arose in this Bankruptcy Case presented time-critical challenges for ABS. As a result, ABS's professionals often were required to prosecute or react quickly to numerous matters.

(h) Amount involved and results obtained. The amount of compensation requested in this Application is commensurate with the services provided and the outcome of the Bankruptcy Case. ABS has assisted Debtor in initiating the Bankruptcy Case— including providing strategic guidance and financial modeling to Debtor in connection with its budgeting and its ability to satisfy its obligations in its plan of reorganization — as well as providing financial advice to Debtor and its other professionals and helping confirm Debtor's plan of reorganization.

(i) The experience, reputation and ability of the professional. ABS is an advisory and consulting firm that provides specialized financial and economic advisory services to attorneys, corporations, and individuals. ABS's professionals have

8

extensive experience working with financially troubled companies in Bankruptcy Cases. Its professionals have advised debtors, creditors, and purchasers in many bankruptcies. Under Mr. Ferrante's guidance, ABS engaged in a global review of the business operations of Debtor, assisted in stabilizing Debtor's business both operationally and financially, and developed a thorough understanding of Debtor's financial circumstances.

(j) <u>Undesirability of the case</u>. Representation of Debtor in this Bankruptcy Case has not been undesirable except for the risk of non-payment of fees and expenses commonly associated with the representation of Chapter 11 debtors.

(k) <u>Awards in similar cases</u>. ABS believes the professional fees sought hereunder are consistent with fees charged by similarly skilled professionals for comparable services in other bankruptcy cases. The fees sought by this Application are based on hourly rates that are equal to or less than ABS's customary and usual rates for its other clients for similar services. Further, the hourly rates charged by ABS are within the range of those customarily charged by other professionals who have comparable skills and expertise in similar matters. ABS respectfully submits that the compensation sought herein is reasonable given the size and complexity of this Bankruptcy Case and the time dedicated to the representation of Debtor.

21. Based on the criteria outlined in section 330(a)(3) of the Bankruptcy Code and Local Bankruptcy rule 2016-1 for the Bankruptcy Court of North Dakota, ABS believes the professional fees requested are reasonable considering the nature and extent of the services provided by ABS.

## **PRAYER FOR RELIEF**

Accordingly, ABS respectfully requests that the Bankruptcy Court:

(a)      Grant approval on a final basis of professional fees in the amount of $5,525.00

and reimbursement of expenses in the amount of $0.00, for a total award of

$5,525.00, for ABS's representation of Debtor during the Application Period;

(b)      Authorize and direct Debtor to pay ABS all fees and expenses approved as part of

this Application; and

(c)      Grant to ABS any such other and further relief to which it is justly entitled.


Date: July 30, 2026.                     Respectfully Submitted,

*/s/ Gregory W. Hauswirth*

CAROTHERS & HAUSWIRTH LLP
Patrick W. Carothers (PA ID No. 85721)
Gregory W. Hauswirth (PA ID No. 307482)
Foster Plaza 10 680 Andersen Drive, Suite 230
Pittsburgh, PA 15220
Telephone: 412.414.6996
Facsimile: 412.910.7510
pcarothers@ch-legal.com
ghauswirth@ch-legal.com

*Counsel for Debtor MonDak Portables, LLC*

10