IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30429 |
| | ) | |
| MONDAK PORTABLES, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**FIRST AND FINAL APPLICATION OF
CAROTHERS AND HAUSWIRTH, LLP, ATTORNEYS FOR DEBTOR, FOR THE
ALLOWANCE OF COMPENSATION FOR CAROTHERS AND HAUSWIRTH, LLP**

Carothers & Hauswirth LP ("C&H"), counsel during the Application Period (as defined

below) for MonDak Portables, LLC, as the above-captioned debtor and debtor-in-possession

("Debtor"), files this First and Final Fee Application of Carothers & Hauswirth LLP, Attorneys

for Debtor, for the Allowance of Professional Fees and Reimbursement of Expenses (the

"Application"). In support of this Application, C&H represents as follows:

**RELIEF REQUESTED**

1.      By this Application, C&H requests (i) to be allowed and authorized, on a final

basis, 100% of the professional fees earned by C&H for the period from September 30, 2025,

through May 15, 2026 (the "Application Period"), in the total amount of $73,974.00; (ii)

allowing and authorizing, on a final basis, 100% of the expenses incurred by C&H on behalf of

Debtor during the Application Period in the total amount of $350.00; and (iii) granting related

relief.

**BASIS FOR RELIEF**

2.      The bases for the relief requested herein are sections 330, 331, and 503(b) of title

11 of the United States Code (the "Bankruptcy Code"); and Rule 2016 of the Federal Rules of

Bankruptcy Procedure; Rule 2016-1 of the Local Bankruptcy Rules of the United States

Bankruptcy Court for North Dakota (the "Local Rules"); the United States Trustee's Guidelines (the "UST Guidelines") for the Office of the United States Trustee (the "US Trustee"); and the Order Approving Application to Employ Patrick W. Carothers, Gregory W. Hauswirth and Carothers & Hauswirth LLP as attorneys for Debtor dated October 29, 2025 [Docket No. 56] (the "Retention Order").

## JURISDICTION AND VENUE

3.     This Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On September 29, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code thereby initiating the above-captioned case (the "Bankruptcy Case").

5.     During the Bankruptcy Case, Debtor managed its property as a debtor-in possession pursuant to Chapter 11 of the Bankruptcy Code. Sarah J. Wencil served as the U.S. Trustee during the Bankruptcy Case. Debtor's professionals are the Dakota Bankruptcy Firm, as Debtor's local counsel, Carothers & Hauswirth LLP ("C&H"), as Debtor's general counsel,  and Ascend Business Services, LLC ("Ascend"), as Debtor's financial advisor.

6.     On April 6, 2026, Debtor filed its MonDak Portables, LLC's Chapter 11 Plan of Reorganization Dated April 6, 2026 [Docket No. 91] (the "Plan"). On May 15, 2026, the Bankruptcy Court entered its Order Confirming Debtor's Chapter 11 Plan of Reorganization Dated April 6, 2026 [Docket No. 108] (the "Confirmation Order"). The Plan's effective date is June 5, 2026 (the "Effective Date").

2

**RETENTION AND PRIOR COMPENSATION**

7.    On September 30, 2025, Debtor filed its Application to Employ Carothers & Hauswirth, LLP, as Counsel for MonDak Portables, LLC [Docket No. 21] (the "Retention Application"). The Bankruptcy Court granted the Retention Application with the Order Approving Application to Employ Patrick W. Carothers, Gregory W. Hauswirth and Carothers & Hauswirth LLP as Attorneys for Debtor dated October 29, 2025 [Docket No. 56] (the "Retention Order").

8.    As reflected in the Retention Application, C&H was retained by Debtor to provide certain legal services to Debtor throughout the course of this Bankruptcy Case, including the following:

(a) Advising Debtor with respect to its powers and duties as a debtor-in-possession in the continued operation of its business and management of its property;

(b) Assisting Debtor in negotiation and documentation of financing arrangements, debt restructuring, and cash collateral orders;

(c) Assisting Debtor with the preparation of its Schedules, Statement of Financial Affairs, Applications, Answers, Orders, reports, and any other necessary legal pleadings and papers;

(d) Providing legal services to Debtor in connection with the formulation and implementation of a plan of reorganization; and

(e) Performing all other legal services for Debtor as debtor-in-possession, which may be necessary.

9.      Other than as described above, C&H has not applied for or received any prior compensation for services rendered during the Bankruptcy Case. This Application is C&H's first and final application for compensation of fees and expenses to be awarded to C&H for services rendered to and expenses incurred on behalf of Debtor. Copies of C&H's invoices detailing the services rendered and expenses incurred during the Application Period are attached hereto as Exhibit A.

10.     By this Application, C&H seeks the final allowance of all fees and expenses incurred by C&H on behalf of Debtor during the Application Period.

**SERVICES RENDERED DURING APPLICATION PERIOD**

11.     C&H has performed legal services as needed on behalf of Debtor since the date of its retention. During the Application Period, C&H expended 172.40 hours of professional time that resulted in charges for professional fees of $73,974.00 and incurred expenses on behalf of Debtor in the amount of $350.00. Based on the professional services rendered by C&H during the Application Period, the total requested amount of $74,324.00 for fees and expenses represents a reasonable amount for such fees and expenses.

12.     In support of this Application, Exhibit A is attached hereto and incorporated herein.

13.     As reflected in the invoices of fees and expenses attached as Exhibit A, all services performed by C&H's professionals were recorded in time increments of one tenth (0.10) of an hour. C&H utilized project billing categories consistent with the UST Guidelines for the classification of C&H's time entries for professional services.

14.     In support of this Application, the following Exhibits are attached hereto and incorporated herein:

4

**Exhibit A:**     Detailed invoice of fees and expenses from September 30, 2025, to May 15, 2026

**Exhibit B:**     Summary of Fees by Category

15.     As reflected in the invoices of fees and expenses attached as Exhibit A, all services performed by C&H's professionals were recorded in time increments of one tenth (0.10) of an hour. C&H utilized project billing categories consistent with the UST Guidelines for the classification of C&H's time entries for professional services.

16.     As reflected in the invoices of fees and expenses attached as Exhibit A, all services performed by C&H's professionals were recorded in time increments of one tenth (0.10) of an hour. C&H utilized project billing categories consistent with the UST Guidelines for the classification of C&H's time entries for professional services.

17.     The professional services rendered by C&H during the Application Period are more particularly described in the attached Exhibit A, which states the dates on which the services were rendered, the persons rendering such services, a description of the services rendered, the time expended with respect thereto, and the hourly rate charged for such legal services. These services were reasonable and necessary on behalf of Debtor and in the best interest of Debtor's estate.

18.     Pursuant to the Retention Order, C&H is entitled to compensation for its professional efforts on an hourly basis based on customary hourly rates. All the services performed by C&H's professionals, as specified in the attached exhibits, were necessary for Debtor to comply with its statutory duties and to fulfill its fiduciary obligations under the Bankruptcy Code.

19.     In the allocation of its legal resources, C&H has always sought to discharge its responsibilities in the most inexpensive and efficient way possible. C&H has limited the number

5

of lawyers involved in this Bankruptcy Case to maximize familiarity with the subject matter and avoid waste or duplicative efforts. Where possible, C&H has taken advantage of a particular attorney's special expertise in a given field of law. C&H has assigned the performance of tasks to the least senior lawyer capable of performing such tasks consistently with sound legal representation and supervision. These services were reasonable and necessary on behalf of Debtor and in the best interest of Debtor's estate.

20.    During its engagement, C&H took care to avoid the performance of ministerial tasks by attorneys through non-billing legal assistants, and support staff. C&H's professionals have endeavored to render their services without unnecessary duplication of effort. Some complex legal issues, development of strategic alternatives, and negotiations required the involvement of more than one attorney. It was also sometimes necessary in the interest of overall efficiency for more than one attorney to participate in a particular task, including attending meetings and hearings, to adequately and completely represent Debtor. Conferences, emails, and memoranda were utilized as necessary to promote efficiencies. Meetings, telephone conferences, and hearings often involved multiple subject matters which were being handled by different attorneys and often required the participation of more than one professional. Such dual participation did not result in duplication of efforts, but rather promoted efficiency by allowing tasks to be delegated, where appropriate, to lower costs.

21.    C&H's professionals are well qualified for the work performed on behalf of Debtor. C&H's professionals specialize in the areas of insolvency, corporate reorganization, and bankruptcy litigation. C&H believes that it has performed the services requested of it in a skillful and efficient fashion, often under very challenging circumstances, to the collective benefit of Debtor and other parties-in-interest.

6

22.     As set forth on Exhibit A and Exhibit B, C&H has utilized billing categories consistent with the UST Guidelines. C&H attempted to place the services provided in the project category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may be included in another category.

## EVALUATION STANDARDS

23.     Pursuant to section 330(a) of the Bankruptcy Code, the Bankruptcy Court may award a retained professional "reasonable compensation for actual, necessary services" and "reimbursement for actual, necessary expenses." In determining the reasonableness of the proposed fee award, the Bankruptcy Court is directed by section 330(a)(3) of the Bankruptcy Code to consider: (a) the time spent; (b) the rates charged; (c) whether the services were necessary to the administration of or beneficial to the bankruptcy case; (d) whether the services were performed within a reasonable time, given the complexity, importance, and nature of the task; (e) whether the professional person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners.

24.     In the Eighth Circuit, to determine whether a bankruptcy fee is found as reasonable, the factors related to a "lodestar" analysis are considered in *McKeeman v. Laughlin*, 236 B.R. 667, at 670-71 (B.A.P. 8th Cir. 1999). To find the reasonable amount from the lodestar method, the total amount is calculated by multiplying the reasonable hourly rate by the reasonable number of hours worked. *Id*. at 670-71. Related factors for "reasonable compensation" incorporate the time spent providing services, the prices charged for those services, if the services were necessary, if the services provided a benefit, if the services were performed in a reasonable amount of time in relation to the current task, and if the compensation

7

is reasonable based on what other similar professionals in a similar area are charging for the price of their services. *In re Neill*, 242 B.R. 685, at 689-90 (Bankr. D.N.D. 1999).

25.     The sum of $73,974.00 for fees incurred during the Application Period is reasonable compensation for the professional services rendered by C&H based on a lodestar analysis and the standards set forth under Section 330. *In re Neill*, 242 B.R. 685, at 689-90 (Bankr. D.N.D. 1999). Pursuant to Local Bankruptcy rule 2016-1 for the Bankruptcy Court of North Dakota, C&H requests that the Bankruptcy Court consider the following factors in determining the reasonableness of the amount of professional compensation requested by this Application:

(a) <u>Time and Labor Required</u>. C&H expended 172.40 hours of professional services on behalf of Debtor during the Application Period. The professional services rendered on behalf of Debtor required the consistent expenditure of substantial time and effort. <u>Exhibit A</u> and <u>Exhibit B</u> attached hereto comprehensively outline the names of all attorneys that have provided services on behalf of Debtor, their respective hourly billing rates, a description of the services rendered and the number of hours spent and fees billed during the Application Period. The time and labor spent by C&H were reasonable and necessary to provide Debtor with the counsel needed to properly carry out its functions and duties under the Bankruptcy Code and its fiduciary duties to the estate.

(b) <u>The novelty and difficulty of the questions involved</u>. The issues addressed by C&H for Debtor were not overly novel or complex, but such issues did require

8

an attorney with the requisite experience and expertise in Chapter 11 bankruptcy law.

(c) <u>The requisite skill to perform the services properly</u>. The services performed by C&H's professionals on behalf of Debtor required the skills of trained bankruptcy professionals with an appreciation and understanding of advanced Chapter 11 concepts. C&H operates primarily in the specialized field of bankruptcy law, and C&H's professionals are well suited for this engagement based on their education and seniority of its professionals to meet the requirements of the tasks that were presented. In this regard, C&H believes it has effectively and efficiently represented the interests of Debtor in this matter.

(d) <u>Preclusion of other employment</u>. Although C&H's services for Debtor were often time-critical, the engagement did not materially preclude C&H from accepting other engagements.

(e) <u>The fee customarily charged</u>. C&H seeks allowance of professional fees based on hourly rates that are consistent with or below rates charged by C&H to its other clients. The hourly rates charged by C&H are within the range of those customarily charged by other professionals having comparable skills and expertise in similar matters.

(f) <u>Whether the fee is fixed or contingent</u>. C&H's fees in this Application are fixed according to the time spent on behalf of Debtor and C&H's prevailing hourly rate. C&H's compensation is contingent on the availability of sufficient

assets and funds in the estate to pay such fees, and on the Bankruptcy Court's

allowance of such fees.

(g) <u>Time limitations imposed by client or circumstances</u>. Many of the matters that

arose in this Bankruptcy Case presented time-critical challenges for C&H. As

a result, C&H's professionals often were required to prosecute or react quickly

to numerous matters.

(h) <u>Amount involved and results obtained</u>. The amount of compensation

requested in this Application is commensurate with the services provided and

the outcome of the Bankruptcy Case. C&H has assisted Debtor in initiating

the Bankruptcy Case—including the filing of various first day motions, other

pleadings in the Bankruptcy Case, Debtor's bankruptcy schedules, statement

of financial affairs, and other bankruptcy papers—providing clerical and

strategical advice to Debtor and its other professionals, and helping confirm

Debtor's Plan.

(i) <u>The experience, reputation and ability of the professional</u>. C&H believes that

it is well qualified to serve as bankruptcy counsel for Debtor. Debtor has

selected Patrick W. Carothers, Gregory W. Hauswirth, and C&H as its counsel

because of their expertise in bankruptcy and restructuring matters. The

attorneys at C&H have represented debtors, creditors, and creditors'

committees in numerous bankruptcy proceedings throughout the country.

Further, as part of its general business strategy, the firm provides top

professional counsel to small businesses with less than $25 million in revenue,

such as Debtor. To that end and in light of the nature of this Chapter 11 Case,

C&H's ongoing representation was vital to Debtor's reorganization efforts in this unexpected Chapter 11 proceeding.

(j) <u>Undesirability of the case</u>. Representation of Debtor in this Bankruptcy Case has not been undesirable except for the risk of non-payment of fees and expenses commonly associated with the representation of Chapter 11 debtors.

(k) <u>Awards in similar cases</u>. C&H believes the professional fees sought hereunder are consistent with fees charged by similarly skilled professionals for comparable services in other bankruptcy cases. The fees sought by this Application are based on hourly rates that are equal to or less than C&H's customary and usual rates for its other clients for similar services. Further, the hourly rates charged by C&H are within the range of those customarily charged by other professionals who have comparable skills and expertise in similar matters. C&H respectfully submits that the compensation sought herein is reasonable given the size and complexity of this Bankruptcy Case and the time dedicated to the representation of Debtor.

26. Based on the criteria outlined in section 330(a)(3) of the Bankruptcy Code, C&H believes the professional fees requested are reasonable considering the nature and extent of the services provided by C&H.

### **PRAYER FOR RELIEF**

Accordingly, Carothers & Hauswirth LLP respectfully requests that the Bankruptcy Court:

(a) Grant approval on a final basis of professional fees in the amount of $73,974.00 and reimbursement of expenses in the amount of $350.00, for a total award of $74,324.00, for C&H's representation of Debtor during the Application Period;

(b)     Authorize and direct Debtor to pay C&H all fees and expenses approved as part of

this Application; and

(c)     Grant to C&H any such other and further relief to which it is justly entitled.

Date: July 30, 2026.                                          Respectfully Submitted,


                                                              */s/ Gregory W. Hauswirth*

                                                              CAROTHERS & HAUSWIRTH LLP
                                                              Patrick W. Carothers (PA ID No. 85721)
                                                              Gregory W. Hauswirth (PA ID No. 307482)
                                                              Foster Plaza 10 680 Andersen Drive, Suite 230
                                                              Pittsburgh, PA 15220
                                                              Telephone: 412.414.6996
                                                              Facsimile: 412.910.7510
                                                              pcarothers@ch-legal.com
                                                              ghauswirth@ch-legal.com

                                                              *Counsel for Debtor MonDak Portables, LLC*